IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS J. LESLIE | : | CIVIL ACTION |
| v. | : | |
| JOHN E. WETZEL | : | NO. 13-4851 |

### MEMORANDUM

BUCKWALTER, J.                        SEPTEMBER 17th, 2013

    Plaintiff Paul J. Leslie, an inmate at the State Correctional Institution at Coal Township, brought this civil action John E. Wetzel, the Secretary of the Department of Corrections ("DOC"). He asserts constitutional claims, pursuant to 42 U.S.C. § 1983, based on his allegations that the DOC has failed to credit certain time to his state sentence. He seeks release from imprisonment and damages.

    Plaintiff's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).

    This Court will dismiss the complaint as legally frivolous. Plaintiff's request for injunctive relief in the form of immediate release from imprisonment is frivolous because such

1

relief is not available in a § 1983 action.[1]  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (no action under § 1983 when prisoner seeks "shortening of his term of confinement") (quotations omitted). Furthermore, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Here, success on plaintiff's claims would necessarily undermine the validity of his sentence as it has been calculated by the DOC. Accordingly, those claims are legally frivolous. See Royal v. Durison, 254 F. App'x 163, 165-66 (3d Cir. 2007) (plaintiff's claim that defendants failed to properly investigate allegation that his sentence was improperly calculated was barred by Heck);

---

[1] Instead, plaintiff must raise those claims in a habeas petition after exhausting state remedies. See 28 U.S.C. § 2254.

2

<u>Randell v. Johnson</u>, 227 F.3d 300, 300-01 (5th Cir. 2000) (per curiam) (plaintiff's claim that he was not given credit for time served and was therefore required to serve the time twice was barred by <u>Heck</u>).

For the foregoing reasons, the Court will dismiss the complaint as frivolous. Plaintiff will not be given leave to amend because amendment would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.